UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Automotive Consultants of Hollywood, Inc., et al, | : | Case No. 1:13-cv-692 |
| Petitioner, | : | |
| vs. | : | |
| United States of America, | : | |
| Respondent. | : | |

**ORDER**

Automotive Consultants of Hollywood, Inc. ("ACH") filed a civil replevin petition and complaint in this matter pursuant to Fed. R. Crim. Proc. 41(g), seeking the return of approximately $1.1 million in funds seized by the United States from a Wells Fargo business bank account held in ACH's name. (Doc. 1) The funds were seized pursuant to a seizure warrant issued ex parte by the Magistrate Judge on or about September 13, 2013. Following the seizure and the filing of this replevin action, the United States instituted civil forfeiture proceedings in the related case. (*United States v. Contents of Wells Fargo Bank Account XXX5826*, Case No. 1:13-cv-716.)

The United States then moved to dismiss the petition in this case (Doc. 9). The motion notes that the replevin petition seeks an equitable remedy from this Court, the return of the seized funds. When the forfeiture complaint was filed, ACH was entitled to a legal remedy, to file a claim and contest the forfeiture and pre-trial seizure in that proceeding pursuant to statute. The United States noted that in United States v. One 1974 Learjet 24D, 191 F.3d 668, 673 (6th Cir. 1999), the Sixth Circuit held that the filing

of a forfeiture complaint precludes a claimant from seeking relief under Rule 41(g). The United States' motion therefore sought dismissal of this case.

ACH responded that it was premature to find its petition to be moot as a result of the forfeiture case, because it was not clear at that time if the Court would permit ACH to seek the release of its funds pursuant to 18 U.S.C. §983(f). (Doc. 10)

In the related forfeiture case, this Court recently entered an order granting ACH's motion to release the seized funds, after a pre-trial due process hearing, concluding that the United States has not shown probable cause to continue to hold the seized funds prior to trial. Based on the Court's decision in that case, the Court hereby grants the motion to dismiss ACH's civil replevin petition.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: April 2, 2014                     s/Sandra S. Beckwith
                                         Sandra S. Beckwith, Senior Judge
                                         United States District Court